# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

KEVIN GOURDINE,                      )
                                     )
    Movant,                      )          Case No.   CV615-006
v.                                   )          (underlying CR610-001)
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    Respondent.                  )

## REPORT AND RECOMMENDATION

Kevin Gourdine has timely filed a 28 U.S.C. § 2255 motion to vacate his federal sentence.   His motion should be **DENIED**.

## I.   BACKGROUND

While represented by attorney Wilson R. Smith, Kevin Gourdine pled guilty to conspiracy to possess with intent to distribute and to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 846. CR610-001, docs. 106, 155.[1]   He received a 225-month sentence and

---

[1]   The Court is citing only to the criminal docket and using its docketing software's pagination, which may not always line up with each paper-document's pagination. The Clerk is **DIRECTED** to file this Report and Recommendation and any related filings in *both* the civil file and the underlying criminal file noted in the above caption.

took no appeal. Doc. 149. In his first § 2255 motion, CV611-069, he successfully claimed that Smith ignored his request to appeal.[2] Doc. 185 (advising § 2255 relief limited to the appointment of new counsel and facilitation of his lost, direct appeal), *adopted*, doc. 193. Finding no meritorious issues to raise, new counsel successfully moved to file an . "*Anders*" brief before the Eleventh Circuit. Doc. 269.

Gourdine also filed a *pro se* appellate brief asserting the same four claims that he now raises in this case, which are:

1. The government breached the terms of his plea agreement by presenting evidence at the sentencing hearing that he also possessed cocaine;

2. The district court improperly imposed a sentence based on relevant conduct;

3. His trial counsel was ineffective for failing to advise him of the option to plead guilty to Count One without a plea agreement conditioned upon the appeal and collateral attack waivers, rendering his guilty plea involuntary; and

4. The district court wrongly increased his base offense level.

Doc. 311 at 7 (paraphrasing doc. 297 at 2); *cf.* doc. 311-2 at 2-17 (*pro se*

---

[2]   Although Gourdine previously filed a § 2255 motion, CV611-069, this latest motion is not a "second or successive motion" for purposes of § 2255(h), for he successfully argued in his first motion that he was entitled to an out-of-time appeal given his attorney's failure to perfect a direct appeal as requested. This is Gourdine's *first* § 2255 motion following that unsuccessful appeal.

appellate brief). The Eleventh Circuit's opinion never mentioned his *pro se* brief or explicitly addressed his claims beyond stating that an "independent examination of the entire record reveals no arguable issues of merit." *United States v. Gourdine*, 564 F. App'x 1015, 1015 (11th Cir. 2014). Gourdine, with his recycled claims, now plies the precarious path of § 2255 following his unsuccessful direct appeal.

## II.   ANALYSIS

### A.   Claims 1, 2, and 4

Claim 1 – asserting that the government breached the terms of the plea agreement -- fails because Gourdine's appellate counsel presented that claim in his *Anders* brief and the Eleventh Circuit rejected it. *See* doc. 311-1 at 18 ("[Gourdine] . . . would argue that the Government breached the plea agreement when it introduced" cocaine conduct evidence, but concluding that argument lacked merit); *Gourdine*, 564 F. App'x at 1015 (concurring with "counsel's assessment," and holding that the entire record presented no issues of merit). It is well settled that matters "decided adversely to a defendant on direct appeal . . . cannot be re-litigated in a collateral attack under section 2255." *United States v.*

3

*Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *accord Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (citing *Nyhuis* and numerous other cases).

Arguably claims 2 and 4 (which challenge the propriety of his Guidelines sentence) fail for the same reason since Gourdine's *pro se* brief on appeal presented them to the Eleventh Circuit, *see* doc. 311-2, which held that no meritorious issues existed. Doc. 311-3 at 2 (appellate opinion). But Gourdine never moved in that court for leave to file his own brief. His arguments there, then, were those made in his counsel's *Anders* brief, which did not address claims 2 and 4. *See* doc. 311-1; *cf. United States v. Pittman*, 300 F. App'x 886, 887 (11th Cir. 2008) (considering appointed counsel's *Anders* brief and defendant's *pro se* brief only after defendant moved for, and was granted, permission to file a brief). Despite the appellate court's finding that *no* meritorious issues existed, this Court, out of an abundance of caution, will assume Gourdine raises claims 2 and 4 for the first time in this § 2255 motion.

Even so, they still fail. Gourdine did not raise them on direct appeal, and "[a] § 2255 motion, it must be remembered, may not be used

as a 'surrogate' for a missed direct appeal." *Jones v. United States*, 2015 WL 464243 at * 1 (S.D. Ga. Jan. 28, 2015) (citing *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).

Gourdine's appointed appellate counsel did not raise claims 2 and 4 in his *Anders* brief. *See* doc 311-1. Gourdine's *pro se* brief did, but he never moved for permission to file that brief, and the Eleventh Circuit did not acknowledge its existence. Moreover, as noted above, even if it did, that neuters the claims in the first instance since claims considered and rejected on direct appeal are barred from consideration in a § 2255 motion. *Stoufflet*, 757 F.3d at 1239.

A procedural default may be overcome if a defendant can show "cause excusing his failure to raise the issue previously and prejudice from the alleged error." *Nyhuis*, 211 F.3d at 1344. Ineffective assistance of counsel ("IAC") can constitute cause. *Id.* Although Gourdine asserts an

5

IAC claim in the present motion, it relates only to trial counsel's alleged failure to inform him of the opportunity to plead guilty without an agreement with the government, not to appellate counsel's failure to raise claims 2 and 4 on appeal. Doc. 297 at 2. His IAC allegations, therefore, cannot serve as cause for his default of claims 2 and 4. *See Nyhuis*, 211 F.3d at 1344 (IAC "may satisfy the cause exception to a procedural bar," but only if the arguments counsel failed to raise would "have affected the outcome of [the] *appeal*") (emphasis added). Since Gourdine shows no cause to overlook his failure to raise claims 2 and 4 on appeal, they are now barred.

### B. Claim 3

Claim 3, the only claim not procedurally barred,[3] asks "[w]hether

---

[3]   IAC claims, unlike Gourdine's other claims, "cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence related to the merits of the claim." *United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *see United States v. Griffin*, 699 F.2d 1102, 1108 (11th Cir. 1983) (no IAC claims on direct appeal, even if new counsel is present, because there has been no opportunity to present the claim to the district court and thus no opportunity for fact finding). And, of course, procedural default based on a failure to raise claims on direct appeal cannot bar claims that cannot be considered on direct appeal. *See Morales-Samano v. United States*, 2014 WL 4185741 at * 2 (N.D. Ga. Aug. 22, 2014) ("Despite the procedural default rule, 'failure to raise an [IAC] claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under §2255.'"). Defendants would be placed in an untenable Catch-22 otherwise.

[trial] counsel . . . was ineffective for his failure to advise Gourdine about the option of pleading guilty to count one without the plea agreement, thereby denying Gourdine certain rights to appeal and collateral attack[,] and thus rendering Gourdine's guilty plea involuntary." Doc. 297 at 2. Claim 3 does not allege that Smith "coerced" or "actively misled" Gourdine;[4] rather, it contends Smith failed to convey critical information in advising he take the plea deal. *Id.* at 11-12 (citing *United States v. West*, 2013 WL 1798945 at * 3 (M.D. Fla. Apr. 29, 2013) (2255 relief granted on claim that counsel was ineffective for not advising movant of option to "straight-up plea" to the indictment and thus avoid

---

That Gourdine had new counsel on appeal changes nothing. Since neither the district court, nor any other "forum . . . suited to developing the facts necessary to determining the adequacy of representation" at trial, has heard claim 3, it is properly before the Court in this § 2255 motion and was not procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003) (even when defendant had new counsel on appeal, and no new evidence was needed to consider his IAC claim, "requiring a criminal defendant to bring [IAC] claims on direct appeal does not promote" conservation of judicial resources or respect for finality of judgments).

[4] *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a conviction is open to collateral attack if based upon a plea induced by promises or threats that deprive it of the character of a voluntary act); *Holland v. United States*, 2014 WL 5241531 at * 2 (S.D. Ga. Oct.14, 2014) (§ 2255 movant's "double waiver precludes all IAC claims except those going to the validity of his guilty-plea agreement (e.g., that counsel misled or coerced his client into pleading guilty/waiving his rights, or in some way materially bungled the plea offer to the extent that a client would not knowingly and intelligently accept it)").

appeal-waiver contained in plea agreement ultimately accepted)).[5]

IAC claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Gourdine must plead and show: (1) that his attorney's performance was deficient; and (2) that performance prejudiced him. *Id.* at 687. Where the alleged deficient performance relates to plea stage advice, the prejudice prong requires a movant to show a reasonable probability that, but for counsel's errors, "the outcome of the plea process would have been different with competent advice." *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). In this case, then, Gourdine must show that, had Smith told him of the option to plead "straight up," he would have rejected the government's plea agreement (which dropped some counts, in part as consideration for appellate and collateral attack

---

[5] *West* reasoned that:

[f]ailing to advise a defendant of his ability to plead "straight up" to all counts in an indictment without a plea agreement constitutes deficient performance. While such an option carries some inherent risks which counsel must discuss with his client, *Dasher v. Attorney Gen., Fla.*, 574 F.3d 1310, 1317–18 (11th Cir. 2009), it is nonetheless an available option which must be discussed with a defendant. West would not be the first defendant to reject a plea agreement and plead "straight up" to an indictment in order to litigate sentencing issues. *E.g.*, *United States v. Rafael*, 163 F. App'x 761, 762 n. 1 (11th Cir. 2005); *United States v. Llamas*, 599 F.3d 381 (4th Cir. 2010).

2013 WL 1798945 at * 3.

waivers) and pled guilty to all charges.  *See Holmes v. United States*, 2015 WL 402957 at * 10 (E.D. Va. Jan. 28, 2015) (no prejudice shown because movant failed to allege that he would have pled "straight up" had he known of that possibility).

Gourdine asserts that Smith brought him two plea agreements but "never revealed the option of pleading 'straight up' even after Gourdine requested to have the plea withdrawn."  Doc. 297 at 12.  Smith, says Gourdine, gave him only two options: plead to an agreement containing appeal and collateral attack waivers, or proceed to trial.  Gourdine thus concludes that his "plea was not knowing and voluntary."  *Id.*

Assuming *arguendo* that *West* was rightly decided and is binding precedent (it is not), claim 3 still fails because Gourdine cannot show prejudice from counsel's alleged ineffective assistance.  There, as here, West

> [a]ssert[ed] prejudice because he lost his constitutional right to appeal on the issues of his choosing. (Cv.Doc. # 22, p. 8.) [But] West also assert[ed] *he would have pled guilty to both counts without any agreement with the government had he known he could do so,* and therefore would not have had his appeal rights limited by the waiver of appeal provision in the Plea Agreement. (Cv. Doc. # 1; Cr. Doc. # 111, p. 4.) . . . The magistrate judge found no evidence to refute petitioner's assertion that he would have pled guilty to both counts,

and therefore found petitioner was prejudiced by the deficient performance of his attorney. (*Id*.) The magistrate judge recommended a finding that petitioner received ineffective assistance under the *Strickland* standard. (*Id*., p. 9.) Because of this ineffective assistance, the magistrate judge also found that petitioner's guilty plea was not knowingly and voluntarily entered. (*Id*., pp. 9–10.)

*West*, 2013 WL 1798945 at * 4.

Unlike West, Gourdine never even obliquely suggests that, had Smith advised him of the "straight-up" option, he would have taken that option (which would have exposed him to a longer sentence) so he could retain the right to appeal and collaterally attack his conviction and sentence (versus the deal he did take, which waived those rights but also reduced his sentencing exposure). *See Holmes v. United States*, 2015 WL 402957 at * 10 (E.D. Va. Jan. 28, 2015) (§ 2255 petitioner failed to allege that there was "a reasonable probability that he would have pleaded guilty if he was aware of the ability to enter a 'straight up' guilty plea without the benefit of a plea agreement," and so could not show prejudice from counsel's alleged failure to advise of the "straight up" option). His failure to plead those facts precludes a finding of prejudice, and therefore dooms claim 3. *See id*.

Claim 3 also fails because Gourdine's plea agreement contained a collateral attack waiver:[6]

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, *on any ground*, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 297-1 at 25 (emphasis added). Collateral attack waivers like Gourdine's "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

By signing the plea agreement, doc. 297-1 at 28, Gourdine confirmed

---

[6] The government does not rely on the waiver to oppose claim 3, as it does claims 2 and 4. *See* doc. 311 at 13. There is no reason, however, that the waiver does not preclude claim 3 as well, since, as noted above, it bars collateral attacks "on any ground" with two narrow and inapplicable exceptions. Doc. 297-1 at 25.

that he read and understood the entire document, including the collateral attack waiver. And, after the government read the above waiver into record at his plea hearing, Gourdine stated that he understood that he waived his right to "sue Mr. Smith and say that he didn't represent you properly, or that he forced you [to sign the plea agreement]." Doc. 258 at 30. Gourdine also understood that he gave "up [his] right to complain about this Court, [or] to attack [his] conviction," and his right "to ask another court to review what is going on, or what the sentence is about." *Id.* at 30-31. Because the district court specifically questioned him about the waiver, that waiver is enforceable and Gourdine cannot now complain about counsel's plea advice. *Benitez-Zapata*, 131 F.3d at 1446.

## III. CONCLUSION

Accordingly, Gourdine's § 2255 motion should be **DENIED WITH PREJUDICE**. Doc. 298. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an

appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 30th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA