UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| KEVIN GOURDINE, | ) | |
|---|---|---|
| Movant, | ) | Case No. CV615-006 |
| v. | ) | (underlying CR610-001) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 8, to which objections have been filed. Doc. 10. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in

*Slack v. McDaniel*, 529 U.S. 473, 482–84 (2000), petitioner Robert Alexander has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Gourdine is not entitled to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

The R&R advised the Court to dismiss Gourdine's third claim (claims 1 and 2 also, but he does not object to the recommendation that those be dismissed), which asserted that "[trial] counsel . . . was ineffective for his failure to advise Gourdine about the option of pleading guilty to count one without the plea agreement [a.k.a pleading "straight up"], thereby denying Gourdine certain rights to appeal and collateral attack[,] and thus rendering Gourdine's guilty plea involuntary." Doc. 8 at 7. Trying to skate around the R&R's recognition that he never alleged that he would have pled "straight up" had counsel told him he could, *id.* at 10, Gourdine now says he would have pled "straight up without an appeal waiver . . . with either one of the plea agreements." Doc. 10 at 3.

As Gourdine well knows, however, "straight up" means pleading guilty without any plea agreement at all, not pleading to an agreement that lacks an appeal waiver (that option was never on the table for him). *See, e.g., United States*

---

1 "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2

*v. West*, 2013 WL 1798945 at * 3 (M.D. Fla. Apr. 29, 2013). He never says he would have pled to the former and that, as the R&R correctly recognized, is fatal to his ineffective-counsel claim. *See Holmes v. United States*, 2015 WL 402957 at * 10 (E.D. Va. Jan. 28, 2015) (no prejudice shown because movant failed to allege that he would have pled "straight up" had he known of that possibility).

Gourdine also appears to object to the appeal waiver itself based on a U.S. Justice Department memorandum discouraging enforcement of appeal waivers in certain circumstances. *See* doc. 10 at 3;[2] *see also* Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors (Oct. 14, 2014), *available at* http://pdfserver.amlaw.com/nlj/DOJ_Ineffective_Assistance_Counsel.pdf ("For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve."). This case raises no such debatable issue. Regardless, "[t]he new policy does not prohibit prosecutors from seeking to enforce a collateral-attack waiver, so [Gourdine]'s contention that the policy renders the waiver null and void is

---

2 "On the issue of the appeal waiver; attached to Gourdine's Traverse to the Government's Initial Response was a Memorandum By James M. Cole, Deputy Attorney General; as to the enforcement of appeal waivers." Doc. 10 at 3.

unavailing." *Demello v. United States*, 2015 WL 4663934 at * 3 (11th Cir. August 7, 2015).

**ORDER ENTERED** at Augusta, Georgia, this 19th day of August, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA